E. L. Westhafer and Roseland S. Westhafer v. Commissioner.
Westhafer v. Commissioner
Docket No. 38118.
United States Tax Court
1953 Tax Ct. Memo LEXIS 104; 12 T.C.M. (CCH) 1100; T.C.M. (RIA) 53318; September 28, 1953
*104 F. V. Westhafer, Esq., for the petitioners. William B. Riley, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The respondent determined the following deficiencies in income tax: Year
Petitioner
Deficiency
1945
E. L. Westhafer
$238.12
1946
E. L. Westhafer and Roseland
S. Westhafer
227.28
The sole question is whether the respondent erred in determining that payments of alimony made by E. L. Westhafer during the years 1945 and 1946 constituted non-deductible installment payments in discharge of a principal sum specified in the decree of divorce, the payment of which may be, or is to be, completed within a period ending less than ten years from the date of the decree. Findings of Fact Petitioners are residents of Tulsa, Oklahoma. E. L. Westhafer will hereinafter be referred to as the petitioner. He filed a separate income tax return for the year 1945 and a joint income tax return with his present wife, Roseland S. Westhafer, for the year 1946. These returns were filed with the collector of internal revenue for the district of Oklahoma. On January 2, 1945, petitioner's former wife, Maxine H. Westhafer, was *105 granted a divorce from him by the District Court of Tulsa County, Oklahoma, under a decree which granted the care and custody of the parties' two children to the former wife and further provided, inter alia, as follows: "It is further ordered that the oral agreement of the property rights of the parties hereto and the settlement, be and the same is hereby approved and that the plaintiff shall have as her sole property and alimony, the balance of the proceeds derived from the sale of their real estate which has heretofore been sold after their joint obligations and debts have been paid therefrom, any personal debts of the parties hereto shall, however, be paid by each party individually, plaintiff is to have the furniture which is now located at 1312 So. Atlanta and in addition thereto shall receive from the defendant as alimony the sum of $12,000.00 payable $100.00 per month beginning the 5th day of January 1945 and continuing thereafter on the 5th day of each month until said sum has been fully paid. "It is further ordered that the defendant pay to the plaintiff the sum of $100.00 per month as child support and that this sum continue until the further order of the Court or until *106 said children respectively reach their majority. "It is further ordered that this decree do not become absolute and take effect until six months from the date hereof." Subsequently, the District Court of Tulsa County, Oklahoma, issued the following "Order of Modification" with respect to the above divorce decree: "Now on this 28th day of December 1945, this cause coming on for hearing upon the plaintiff's application for citation and upon the defendant's motion to modify and the plaintiff appearing in person and by her attorneys Biddison & Rheam, and the defendant appearing in person and by his attorney F. V. Westhafer and both parties having announced ready for trial and the court having heard the evidence of witnesses sworn and examined in open court and being fully advised in the premises finds that the plaintiff's application for citation should be denied; that the defendant has paid to the plaintiff the sum of $962.50 on the alimony judgment heretofore rendered and as modified by agreement of the parties hereto and has paid the sum of $962.50 on the judgment for child support as heretofore ordered and as modified by agreement of the parties hereto and that there remains *107 unpaid at this time the sum of $75.00 on the alimony judgment and the sum of $75.00 on the judgment for child support; the court further finds that the judgment rendered on the 2nd day of January 1945 should be modified as follows, towit: by reducing alimony payments to $25.00 per month and by reducing child support payments to $75.00 per month; the court further finds that the defendant's application for partial custody of the children and for an accounting should be denied, "It is therefore ordered, adjudged and decreed that the plaintiff's application for citation be and the same is hereby denied. "It is further ordered that the defendant is indebted to the plaintiff for past due alimony in the sum of $75.00 and for past due child support in the sum of $75.00. "It is further ordered that the defendant's application for partial custody of the children and for an accounting be and the same are hereby denied. "It is further ordered that the judgment heretofore rendered on the 2nd day of January 1945 be and the same is hereby modified so that the alimony payments in the future shall be the sum of $25.00 per month and the child support payments shall be in the sum of $75.00 per *108 month. "To which findings and rulings of the court both parties except and exception is allowed. "Now on this 29th day of December 1945 the parties appearing in court by their counsel as above set forth and error having been suggested to the court in the modification in the method and manner of payment of the alimony award and the court having heard the argument of counsel and being fully advised in the premises, finds that its ruling of December 28, 1945 with reference to the alimony award and child support should be vacated, set aside and held for naught and that the alimony award provided for in the decree of January 2nd 1945 should remain undisturbed and that the provisions therefor with reference to child support should be modified so that the defendant shall not be obligated to pay child support until the further order of the court. "It is further ordered, adjudged and decreed that that portion of the order of the court made on the 28th day of December 1945 as affecting alimony and child support be and the same is hereby vacated and held for naught. "It is further ordered that the defendant continue to pay the alimony in the sum and in the manner as provided for in the *109 decree of January 2nd 1945 and that the child support provided for therein be eliminated; to which rulings of the court both parties except and exception allowed. "Oras A. Shaw, Judge." In the income tax returns filed by petitioner for the years 1945 and 1946, deductions were claimed as alimony in the respective amounts of $962.50 and $1,260. In separate notices of deficiency issued for each of these years, respondent disallowed the deductions claimed for alimony on the ground that the payments made by petitioner did not qualify as alimony payments which are deductible under Section 23 (u) of the Internal Revenue Code. The alimony payments made by petitioner during the years 1945 and 1946 were installment payments as described in Section 22 (k) of the Internal Revenue Code, which discharged an obligation, the principal sum of which was specified in the decree, within a period ending less than ten years from the date of such decree. Opinion RAUM, Judge: The pertinent provisions of the Internal Revenue Code are set forth in the margin. [1]
*110 The parties are in agreement that under the original divorce decree, dated January 2, 1945, which required petitioner to pay "as alimony the sum of $12,000 payable $100.00 per month beginning the 5th day of January, 1945, and continuing thereafter on the 5th day of each month until said sum has been fully paid", the installment payments would be discharged within a period ending less than ten years from the date of the decree and would not be deductible by the petitioner. Their disagreement arises from different interpretations placed upon the "Order of Modification" issued by the District Court of Tulsa County, Oklahoma, on December 28-29, 1945. The petitioner contends that this order had the effect of extending the period within which the principal sum of alimony specified in the original decree "may be or is to be paid" to a period ending more than ten years from the date of the decree, and that the installment payments fall within the exception stated in Section 22 (k) which permits the deduction of payments extending over such a period. In support of his contention the petitioner urges that the second modification order of December 29, 1945, must be interpreted as a direction *111 to resume his monthly installments on the next due date and continue to make payments of $100 per month until the balance due on the principal obligation, including the amount of $75 then in arrears, was discharged, which would extend the termination date to January 5, 1955, a date more than ten years from the date of the original decree. We are unable to agree with petitioner. An examination of the "Order of Modification" discloses that on December 29, 1945, the District Court of Tulsa County vacated and set aside its ruling made on the preceding day, wherein it modified the amount of alimony payments to be made by petitioner in the future, and ordered that "the alimony award provided for in the decree of January 2nd, 1945 shall remain undisturbed" and that petitioner "continue to pay the alimony in the sum and in the manner as provided in the decree". The decree provided that petitioner pay as alimony the sum of $12,000 in monthly installments of $100 beginning the 5th day of January 1945 and continuing thereafter on the 5th day of each month until said sum has been fully paid. Under the court's order of December 29, 1945, the decree remained in full force and effect, without modification, *112 and no authorization was given for alimony payments, or any part thereof, to be made at any time after the period provided for therein. The $75 which the court found to be the amount of petitioner's arrears to his former wife "for past due alimony" in its order of December 28, 1945, was an indebtedness then due and payable and it was not necessary for the court to state when or how it should be paid. It did not become a part of the alimony payments due under the decree for months subsequent to December 1945. We do not read the court's order of December 29, 1945, as providing for the payment of the $75 arrears on January 5, 1955, as now urged by petitioner, thus enlarging the time for the installment payments to a period in excess of 10 years. Inasmuch as the installment payments of the principal sum of $12,000 required of petitioner under the terms of the decree were to be paid within a period ending less than ten years from its date, payments made during the years 1945 and 1946 to not qualify as "periodic payments" under the provisions of Section 22 (k) and are not deductible by petitioner under the provisions of Section 23 (u). Decision will be entered for the respondent. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of, * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, * * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife * * * does not exceed 10 per centum of such principal sum. * * * SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(u) Alimony, Etc., Payments. - In the case of a husband described in section 22(k), amounts includible under section 22(k)↩ in the gross income of his wife, payment of which is made within the husband's taxable year. * * *